UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

KENNETH BROWNING,

    Plaintiff,

vs.

CASE NO:

CITY OF CULLMAN,
a municipal corporation, and
KISSEL ENTERTAINMENT, LLC,
d/b/a RIDE WORX,  a foreign limited
liability company,

    Defendants.
_____/

# COMPLAINT

Plaintiff, KENNETH BROWNING, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues the CITY OF CULLMAN, Alabama and KISSEL ENTERTAINMENT, LLC, d/b/a RIDE WORX, for injunctive relief, compensatory damages, attorney's fees, and costs pursuant to the Americans with Disabilities Act and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.  This

1

Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2. Venue is proper in this Court, the Northeastern Division of the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, KENNETH BROWNING (hereinafter referred to as "BROWNING") is a resident of Birmingham, Alabama and is a qualified individual with a disability under the ADA. BROWNING is a veteran of the US Army and, following active duty deployments to combat zones, has a service connected disability and a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations, to the extent that he has Post Traumatic Stress Disorder and other Anxiety disorders for which he utilizes a professionally trained service dog. Prior to instituting the instant action, BROWNING visited the Defendant's premises at issue in this matter, the Cullman Christkindlmarkt, with his daughter and goddaughter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA and more specifically, was denied access to the Ferris Wheel on the basis of disability. BROWNING continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, The City of CULLMAN (hereinafter referred to as "CULLMAN" or jointly as "Defendants") is a municipal corporation conducting business in the State of Alabama. Upon information and belief, Defendant is the operator, owner and/or lessee of the programs, services and activities offered by CULLMAN as well as the facilities, real properties and improvements which are the subjects of this action, namely: Cullman Christkindlmarkt at Depot Park (hereinafter referred to as the "public services" or "subject facilities").

5. The Defendant, KISSEL ENTERTAINMENT, LLC, d/b/a RIDE WORX, (hereinafter referred to as "KISSEL" or jointly as "Defendants") is a foreign limited liability company registered to do business, and actually doing business, in Cullman, Alabama. Upon information and belief, the Ferris Wheel located in Cullman Christkindlmarkt, that is the subject of this litigation, is provided by, installed by, and operated by KISSEL, by contract with CULLMAN.

6. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## GENERAL FACTUAL ALLEGATIONS

7. On November 29, 2024, BROWNING attended Cullman Christkindlmarkt with his professionally trained service dog, and his daughter and goddaughter.

8. BROWNING purchased tickets to ride the Ferris Wheel with his family and while doing so was advised by the ticket salesperson that BROWNING'S service dog could ride the Ferris Wheel with him in the accessible gondola.

9. When it came time to board the Ferris Wheel, BROWNING and his family were advised by the Ferris Wheel ride attendant that his dog could not ride the Ferris Wheel.

10. BROWNING relayed to the ride attendant what he had been told by the ticket salesperson about his service dog being allowed to ride with he and his family in the accessible gondola.

11. The Ride attendant used a two-way radio to ask a supervisor and explained that "*some man is trying to ride with his dog*."

12. BROWNING, and some other bystanders waiting to ride the Ferris Wheel, interjected to correct the ride attendant that the dog was a "***service***" dog, but the ride attendant merely commented: "***whatever***," and did not relay that information to the supervisor.

13. BROWNING was able to hear the supervisor tell the ride attendant over the radio that he should not be allowed to ride with his dog.

14. BROWNING was directed to exit the ride and to seek a refund from the ticket salesman.

15. The altercation with the ride attendant triggered BROWNING to have a panic attack which required him lie down while in the ticket refund line and which in turn caused his service dog to go into task mode by lying on top of him to help calm him.

16. BROWNING left the event early, immediately thereafter, and sought additional medical treatment following the event which resulted in an adjustment to his medication.

17. BROWNING was unlawfully discriminated against on the basis of disability due to Defendants' lack of appropriate policies and procedures for service dogs at Cullman Christkindlmarkt, and their failure to modify same upon request for BROWNING and other bystanders.

18. BROWNING has suffered humiliation, embarrassment, frustration, mental anguish and emotional distress which continues to affect him currently.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-18 as if expressly contained herein.

20. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

21. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation

in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

22. "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

23. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

24. Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

25. Defendants were required to make reasonable modifications in policies, practices, or procedures necessary to avoid discrimination on the basis of disability and failed to do so with regard to the right of a service dog to ride the Ferris Wheel with its handler in the accessible gondola per 28 C.F.R. §35.130(b)(7).

26. Moreover, Defendants were required to modify their policies, practices, or procedures to permit the use of a service animal by an individual with a disability such as BROWNING per 28 C.F.R. §35.136(a).

27. Defendants further failed to abide by the mandate that individuals with disabilities shall be permitted to be accompanied by their service animal in all areas of a public entity's facilities where members of the public, participants in services, programs or activities, or invitees, as relevant, are allowed to go per 28 C.F.R. §35.136(g).

28. Defendants have known, for almost 35 years, of their duties and obligations under Title II of the ADA. Defendants have arbitrarily and intentionally refused to promulgate the necessary policies, practices and procedures to ensure invitees to Cullman Christkindlmarkt with service animals are not discriminated against on the basis of disability, and further failed to modify what policies they may have had when requested to do so by BROWNING on November 29, 2024.

29. Defendants' failure to have modified policies, practices and procedures, as they relate to individuals with disabilities with service dogs, at the subject facilities, has denied and continues to deny BROWNING full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facilities.

30. Defendants have engaged in conduct and acts of omission that subjected BROWNING to discrimination solely on the basis of his disability. Defendants directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendants' discrimination against BROWNING

solely on the basis of his disability has been, and continues to be, arbitrary, knowing and intentional and/or promulgated with deliberate indifference to the mandates of the ADA.

31. BROWNING was subjected to discrimination when he attempted to ride the Ferris Wheel with his service dog and avail himself to the programs and services offered at Cullman Christkindlmarkt by Defendants on November 29, 2024. Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendants in the future, as long as Cullman Christkindlmarkt remains in operation, as the violations and lack of equal access to the programs, Ferris Wheel at the subject facility continues to exist.

32. Defendants have discriminated against BROWNING by denying him full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to modify policies, practices and procedures pursuant to 28 CFR §§35.130(b)(7), 35.136(a), and 35.136(g).

33. BROWNING has been subjected to discrimination and has suffered an injury in fact due to Defendants' denial of access to the Ferris Wheel at Cullman Christkindlmarkt on the basis of disability.

34. BROWNING has been obligated to retain the undersigned counsel for the filing and prosecution of this action. BROWNING is entitled to have his

reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

35. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant BROWNING injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, BROWNING demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and facilities owned, operated and administered by Defendants, are violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award compensatory damages to Plaintiff resulting from the intentional discrimination of Defendants and/or the deliberate indifference of the Defendants to the civil rights of Plaintiff;

E. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

9

  F. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 18th day of December, 2024

           Respectfully submitted,


          By: s/ Edward I. Zwilling
          Edward I. Zwilling, Esq.
          Alabama State Bar No.: ASB-1564-L54E


**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email:   edwardzwilling@zwillinglaw.com